IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff/<br>             Respondent,<br><br>        vs.<br><br>ULISES BECERRIL-HUATO,<br><br>             Defendant/<br>             Petitioner. | No. CR-F-02-5288 OWW<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PETITIONER<br>ULISES BECERRIL-HUATO'S<br>MOTION FOR LEAVE TO FILE<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |

On December 29, 2008, Petitioner Ulises Becerril-Huato filed a motion for leave to file a petition for writ of habeas corpus. Petitioner contends that his defense attorney, David Balakian, failed to file a Notice of Appeal when asked to do so and the Court had given Petitioner the right to file a Notice of Appeal.

Petitioner pleaded guilty pursuant to a written Plea Agreement before the Honorable Robert E. Coyle on December 20, 2004. Petitioner was sentenced on February 28, 2005 to 144 months incarceration.

Because Petitioner is a federal prisoner seeking to assert a post-conviction challenge to the legality of his conviction and sentence, he must file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  A federal prisoner may not attack his conviction and sentence by way of a habeas corpus petition under Section 2241 unless a motion under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000). A federal habeas petitioner may not avoid the limitations imposed on successive Section 2255 motions by styling his petition as one pursuant to Section 2241 rather than Section 2255.  *Id*.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal.  The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Id*. at 477.

The threshold issue is the timeliness of this claim for relief.  Applicable here is Section 2255(4).

Assuming the truth of Petitioner's assertion that he asked Mr. Balakian to file a notice of appeal on February 28, 2005, Petitioner's motion was not filed until December 29, 2008, almost four years later.  Petitioner makes no showing that he exercised any diligence in checking the status of his appeal.  Petitioner does not assert when he first inquired into the status of his appeal or whether he ever inquired about the status of his appeal.

"The statute does not require the maximum feasible diligence, only due, or reasonable diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2nd Cir.2000).  "Due diligence ... does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."  *Aron v. United States*, 291 F.3d 708, 712 (11th Cir.2002).  This test requires courts to consider certain external requirements such as "the conditions of [the petitioner's] confinement."  *Wims*, *id.*  Because "a defendant who

3

instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," *Roe v. Flores-Ortega*, *supra*, 528 U.S. at 476, a petitioner is not required "to check up on his counsel's pursuit of an appeal on ... the very day on which [his] conviction becomes final." *Wims, id*.  However, "a duly diligent person" does not require "three and a half years ... to discover that counsel had not filed a notice of appeal ...."  *Zapata v. United States*, 2000 WL 1610801 at *3 (S.D.N.Y.2000); *see Tineo v. United States*, 2002 WL 1997801 at *2 (S.D.N.Y.2002)("A duly diligent person in Tineo's shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States,* 2002 WL 31512728 at *4 (S.D.N.Y.2002).

Petitioner's claim of ineffective assistance of counsel is time-barred pursuant to Section 2255(4).

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the

4

> **federal habeas process, and will only authorize extensions when this high hurdle is surmounted.**

*Id.* at 1288-1289.

**Petitioner makes no showing that anything prevented him from filing the instant motion until almost four years after Petitioner was sentenced.**

**For the reasons stated, Petitioner's motion for leave to file a petition for writ of habeas corpus is DENIED.**

IT IS SO ORDERED.

**Dated:   December 31, 2008**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE