IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES BECCERRIL-HUATO,<br><br>          Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | No. CV-F-09-149 OWW<br>(No. CR-F-02-5288 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER ULISES BECCERRIL-HUATO'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On January 23, 2009, Petitioner Ulises Beccerril-Huato, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

   A.   Background.

   Petitioner was charged by Superseding Indictment with conspiracy to manufacture methamphetamine and to possess pseudoephedrine, a listed chemical, having reasonable cause to believe it would be used to manufacture methamphetamine (Count

1

One), and with attempted possession of pseudoephedrine, a listed chemical, having reasonable cause to believe it would be used to manufacture methamphetamine (Count Two).  Petitioner was charged by Superseding Information with three counts of using a communication facility to facilitate a drug-trafficking offense. Petitioner pleaded guilty pursuant to a written Plea Agreement, (Doc. 304), to the three counts of using a communication facility to facilitate a drug trafficking offense.  The Plea Agreement provided:

> 2.  <u>Agreements by the Defendant</u>.
>
> ...
>
> (a) The defendant agrees that he should be sentenced to three consecutive 48-months terms of imprisonment, for a total of 144-months, and further agrees not to request or argue to the court that his sentence should be lower than the 144-month consecutive statutory maximum.  He additionally agrees that the amount of pseudoephedrine involved in the manufacturing conspiracy could produce in excess of 1.5 kilograms of actual methamphetamine.
>
> ...
>
> (f) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, the defendant knowingly waives the right to appeal his conviction and similarly waives the right to appeal any sentence (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any other ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was

```
 1          determined in any post-conviction attack,
            including but not limited to a motion brought
 2          under Title 28, United States Code, Sections
            2241 or 2255.
 3
            (g) If the defendant's conviction or sentence
 4          on any of the counts to which he is pleading
            is ever vacated at the defendant's request,
 5          or his sentence is ever reduced at her [sic]
            request, or if the defendant violates the
 6          Plea Agreement, he shall thereafter be
            subject to prosecution for any federal
 7          criminal violation of which the government
            has knowledge, including but not limited to
 8          perjury, false statements, and obstruction of
            justice.  Because disclosures pursuant to
 9          this Agreement will constitute a waiver of
            the Fifth Amendment privilege against
10          compulsory self-incrimination, any such
            prosecution may be premised on statements
11          and/or information provided by the defendant.
            The government shall have the right (1) to
12          prosecute the defendant on any of the counts
            to which he has pleaded guilty; (2) to
13          reinstate any counts that may be dismissed
            pursuant to this agreement, and (3) to file
14          any new charges that would otherwise be
            barred by this agreement.  The decision to
15          pursue any or all of these options will be
            solely within the discretion of the United
16          States Attorney's Office.  By signing this
            agreement, the defendant agrees to waive any
17          objections, motions, and defenses he might
            have to the government's decision, including
18          Double Jeopardy.  In particular, he agrees
            not to raise any objections based on the
19          passage of time with respect to such counts,
            including, but not limited to, any statutes
20          of limitation or any objections based on the
            Speedy Trial Act or the Speedy Trial Clause
21          of the Sixth Amendment.

22          If it is determined that the defendant has
            violated any provisions of this Agreement or
23          if the defendant successfully moves to
            withdraw his plea: (1) all statements made by
24          the defendant to the government or other
            designated law enforcement agencies, or any
25          testimony given by the defendant before a
            grand jury or other tribunal, whether before
26          or after this Agreement, shall be admissible
```

3

in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(c)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

...

3. <u>Agreements by the Government</u>.

(a) The government will recommend that the defendant receive a three-level reduction in the computation of his offense level due to her acceptance of responsibility, provided that the defendant qualifies for such a reduction in his interview with the probation officer.

(b) The government agrees to dismiss the charges in the Superseding Indictment at the time of sentencing.

The Plea Agreement set forth the following factual basis:

The defendant will plead guilty because he is in fact guilty of the crime set forth in the superseding information. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

Between on or about July 17, 2002, and July 18, 2002 in the County of Fresno, within the State and Eastern District of California, and elsewhere, the defendant knew that there was a conspiracy between ADALI VIANA RODRIGUEZ, aka 'Angel,' aka 'Angelo,' ADAN ECHEVERRIA-HUIZAR, aka Adan Huizar Echeverria, aka 'Zanahoria,' and Jaime Diaz Lopez, to manufacture methamphetamine and to possess

> pseudoephedrine, a listed chemical, having reasonable cause to believe it would be used to manufacture methamphetamine, a controlled substance.
>
> Specifically, during that time frame, the defendant knowingly and intentionally used a telephone on three separate occasions to arrange a meeting with Viana Rodriguez in the Fresno area. The defendant knew that his co-defendants had arranged to purchase from a confidential source forty cases of pseudoephedrine for the purpose of cooking or manufacturing 'crank' or methamphetamine. He, along with ECHEVERRIA-HUIZAR and Diaz Lopez, were responsible for delivering approximately $44,708.00 in cash for the forty cases of pseudoephedrine pills. Forty cases of pseudoephedrine is capable of producing approximately 31.1 kilograms of actual methamphetamine.

Petitioner was sentenced on February 28, 2005 to three 48 month consecutive prison terms for a total of 144 months incarceration. Petitioner did not file a Notice of Appeal.

On December 28, 2008, Petitioner filed a motion for leave to file a petition for writ of habeas corpus, (Doc. 401). Petitioner contended that his defense attorney, David Balakian, failed to file a Notice of Appeal when asked to do so and the Court had given Petitioner the right to file a Notice of Appeal. By Memorandum Decision and Order filed on December 31, 2008, (Doc. 402), Petitioner's motion was denied:

> Because Petitioner is a federal prisoner seeking to assert a post-conviction challenge to the legality of his conviction and

sentence, he must file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  A federal prisoner may not attack his conviction and sentence by way of a habeas corpus petition under Section 2241 unless a motion under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999), *cert. denied*, 528 U.S. 1178 (2000).  A federal habeas petitioner may not avoid the limitations imposed on successive Section 2255 motions by styling his petition as one pursuant to Section 2241 rather than Section 2255.  *Id.*

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's

failure to file a notice of appeal.  The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Id*. at 477.

The threshold issue is the timeliness of this claim for relief.  Applicable here is Section 2255(4).

Assuming the truth of Petitioner's assertion that he asked Mr. Balakian to file a notice of appeal on February 28, 2005, Petitioner's motion was not filed until December 29, 2008, almost four years later.  Petitioner makes no showing that he exercised any diligence in checking the status of his appeal.  Petitioner does not assert when he first inquired into the status of his appeal or whether he ever inquired about the status of his appeal.

"The statute does not require the maximum feasible diligence, only due, or reasonable diligence."  *Wims v. United States*, 225 F.3d 186, 190 n.4 (2nd Cir.2000).  "Due diligence ... does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts."  *Aron v. United States*, 291 F.3d 708, 712 (11th Cir.2002).  This test requires courts to consider certain external requirements such as "the conditions of [the petitioner's] confinement."  *Wims*, *id.*  Because "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," *Roe v. Flores-Ortega*, *supra*, 528 U.S. at 476, a petitioner is not required "to check up on his counsel's pursuit of an appeal on ... the very day on which [his] conviction becomes final."  *Wims, id*.  However, "a duly diligent person" does not require "three and a half years ... to discover that counsel had not filed a notice of appeal ...."  *Zapata v. United States*, 2000 WL 1610801 at *3 (S.D.N.Y.2000); *see Tineo v. United States*, 2002 WL 1997801 at *2 (S.D.N.Y.2002)("A duly diligent person in Tineo's shoes would not have needed more than three years to discover

7

the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States,* 2002 WL 31512728 at *4 (S.D.N.Y.2002).

Petitioner's claim of ineffective assistance of counsel is time-barred pursuant to Section 2255(4).

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id*. at 1288-1289.

Petitioner makes no showing that anything prevented him from filing the instant motion until almost four years after Petitioner was sentenced.

   B.   <u>Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255</u>.

Petitioner's Section 2255 motion asserts four grounds for relief:

   1.   <u>Ground One</u>: Denial of effective assistance of counsel.

> The Court granted the right to appeal sentence and counsel told movant that there were [sic] nothing that could be done and if an appeal were to be filed it could be bad for the movant and the Court could give him a harsh sentence, which movant now understands that the Court would not grant him the right to appeal for him to get into a harsher sentence. It is illegal, illogical and cruel.
>
> 2.   <u>Ground Two</u>: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
>
> Movant was told by counsel that it was best to plead guilty because it could be worse for him. Movant was a minimal participant on the crime and due to his ignorance of the legal procedures and his drugs adiction [sic] accepted any opinion that his counsel told him was best for him. Being ignorant of the language, ignorant of the law, and at the mercy of his counsel, movant could had [sic] accepted anything not understanding the consequences.
>
> 3.   <u>Ground Three</u>: Conviction obtained by use of coerced confession.
>
> As mentioned on [sic] Ground Two, movant was at the mercy of the effectiveness of his counsel, and was told to accept what was offered or it will be worse.
>
> 4.   <u>Ground Four</u>: Violation of the equal protection.
>
> Movant is a national of Mexico and is not eligible to the reduction of sentence for participation on the drug program offered by the BOP even when the Court order to participate, the 12 month reduction is not granted like in the case of other inmates, U.S. citizens, in the custody of the BOP under the same laws.

With regard to the timeliness of the Section 2255 motion,

Petitioner asserts:

> Movant is ignorant of the language (English), ignorant of the law and procedures. Movant was told by his counsel that he could not appeal. Nowhere in the instructions where he has been there [sic] is a posted information on [sic] his language (Spanish) or in English on the bulletin board that states the time limitation to file any motion or petition, by curiosity of what a fellow inmate was doing, movant came to find out that, him, too [sic] could had filed a post-conviction motion.

Petitioner's Section 2255 motion seeks the following relief:

> To evaluate his sentence and grounds and grant him a reduction of sentence if movant were sentenced under recent guidelines.

1. <u>Timeliness of Section 2255 Motion</u>.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

At issue here is subparagraph (4). Petitioner's claims

1  asserted in Grounds One, Two and Three are untimely.
2  Petitioner's Section 2255 motion asserts that Petitioner knew
3  that Mr. Balakian did not file the Notice of Appeal because Mr.
4  Balakian told him that an appeal could result in the imposition
5  of a more severe sentence.  Petitioner's claims that his guilty
6  plea was involuntary because he did not understand the terms of
7  the Plea Agreement or its consequences and that he only stated
8  during the change of plea colloquy what Mr. Balakian told him to
9  say were known to Petitioner at the time of the change of plea.
10         The issue is whether Petitioner may be entitled to equitable
11 tolling.
12         In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*,
13 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and
14 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530
15 (9th Cir. 1998), the Ninth Circuit held that the one-year
16 limitations period applicable to Section 2255 motions is subject
17 to equitable tolling.  However, the Ninth Circuit further held:
18         Equitable tolling will not be available in
           most cases, as extensions of time will only
19         be granted if 'extraordinary circumstances'
           beyond a petitioner's control make it
20         impossible to file a petition on time ... We
           have no doubt that district judges will take
21         seriously Congress's desire to accelerate the
           federal habeas process, and will only
22         authorize extensions when this high hurdle is
           surmounted.
23
   *Id*. at 1288-1289.  "A litigant seeking equitable tolling [of the
24
   one-year AEDPA limitations period] bears the burden of
25
   establishing two elements: (1) that he has been pursuing his
26

11

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002).

In *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006), the Ninth Circuit addressed whether a petitioner's inability to obtain Spanish-language materials or procure translation assistance can be grounds for equitable tolling of the AEDPA's one-year limitation period:

> While *Whalem/Hunt* does not directly control the facts of this case, we find its reasoning instructive. In *Whalem/Hunt*, the state's failure to provide access to the text of the AEDPA constituted possible grounds for equitable tolling because, according to the petitioner's allegations, the absence of a copy of the AEDPA prevented him from learning about the AEDPA's one-year deadline and therefore prevented a timely filing ... We concluded that remand was the appropriate remedy because the district court had provided the petitioner 'no opportunity to amend his petition or expand his declaration,' and had failed to hold an evidentiary hearing ....
>
> By analogy, Mendoza has alleged that lack of access to Spanish-language legal materials prevented him from learning about the AEDPA's deadline and thereby prevented his timely filing. According to his declaration, when Mendoza was first incarcerated, he requested Spanish-language legal materials but was told to 'wait until [he] got to [his] regular assigned prison.' After arriving at Solono State Prison, he made several trips to the library but found only English-language books and only English-speaking clerks and librarians. Not until Mendoza found an newly-arrived, bilingual inmate willing to

12

offer assistance was he able to file his habeas petition; however, by this time, the AEDPA deadline had already passed. We conclude that this combination of (1) a prison library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.

This holding comports with the decisions of other Circuits, which have rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing. In *Cobas v. Burgess*, 306 F.3d 441, 441 (6th Cir.2002), the court held that a petitioner's 'inability to speak, write, or understand English, in and of itself, does not automatically' justify equitable tolling. The court emphasized that the 'existence of a translator who can read and write English and who assists a petitioner during appellate proceedings' renders equitable tolling in applicable for that petitioner ... Because Cobas had written a detailed letter to his counsel in English and had otherwise demonstrated his ability to either communicate in English or communicate with a translator, the record in Cobas' case 'belie[d] any claim that language difficulties prevented Cobas from filing his petition in a timely manner.' ....

We find this reasoning persuasive, because it implicitly identifies the category of non-English-speaking inmates whose situations could constitute 'extraordinary circumstances.' Although the petitioner was ultimately denied relief in *Cobas*, the decision's rationale left open the possibility that a non-English speaker who could not find a willing translator could qualify for equitable tolling. Following this reasoning, we conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in

> his own language or translation assistance from an inmate.  We agree with *Cobas* that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief ....
>
> ...
>
> Because Mendoza alleged that he lacks English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period, he has alleged facts that, if true, may entitle him to equitable tolling.

449 F.3d at 1069-1071.

Although Petitioner asserts that he is "ignorant" of the English-language and that the prison(s) where he has been incarcerated do not post on bulletin boards in either Spanish or English that sets forth the one-year limitation to file a Section 2255 motion, Petitioner does not assert that such materials were unavailable in the prison libraries or that he was unable, with due diligence, to obtain the services of a translator during the one-year limitation period.  It is clear that Petitioner was unaware of the law governing the filing of a Section 2255 motion and made no diligent, timely attempt to find out those requirements.  Petitioner has not demonstrated (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

Petitioner's Section 2255 motion is DENIED as untimely.

   2.   **Effect of Waiver in Plea Agreement**.

A defendant may waive the statutory right to bring a Section

14

2255 motion challenging his conviction or sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied,* 508 U.S. 979 (1993).  The Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).  Here, Petitioner generally contends that counsel was ineffective in advising him to plead guilty but makes no specific claim that the waiver of the right to file a Section 2255 motion was involuntary.  Therefore, Petitioner validly waived his right to bring this Section 2255 motion.

       3.   <u>Ineffective Assistance of Counsel/Involuntary Plea</u>.

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other.  *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the

15

'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 690-691. "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."  *Id.*  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.  Where a petitioner enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends upon whether the petitioner received effective assistance of counsel.  In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

          a.  <u>Ground One</u>.

Petitioner contends that counsel was ineffective in advising Petitioner not to pursue an appeal after the Court had granted him the right to appeal.

Petitioner's claim is without merit.  By the terms of the Plea Agreement and as admitted under oath by Petitioner during

17

the change of plea proceedings, Petitioner expressly waived his right to appeal and to collaterally attack his conviction and sentence as a condition of the Plea Agreement.  At sentencing, the Court advised Petitioner that he had a right to appeal if not previously waived.  Here, Petitioner had waived his right to appeal.  Counsel's advice to Petitioner that an appeal would be futile and could result in imposition of a harsher sentence was correct.  Because of the waiver of the right to appeal in the Plea Agreement, Petitioner's appeal undoubtedly would have been dismissed because it had been waived.  By failing an appeal, Petitioner risked the Government treating the filing as a breach of the Plea Agreement and reinstating the dismissed conspiracy and possession counts charged in the Superseding Indictment, thereby exposing Petitioner to a potential life sentence. Petitioner does not assert that he demanded that counsel file an appeal notwithstanding his counsel's advice.[1]

     b. <u>Grounds Two and Three</u>.

 In Grounds Two and Three, Petitioner contends that his attorney was ineffective because counsel advised him to plead guilty pursuant to the written Plea Agreement and that Petitioner did not understand the consequences of his guilty plea.

 Petitioner's contentions are belied by the record.  During the change of plea proceedings, Petitioner stated under oath that he had discussed the Plea Agreement with counsel before changing

---

[1] **Even if Petitioner had so asserted, a claim of ineffective assistance of counsel on that basis is time-barred.**

his plea, that he understood the Plea Agreement, and that, after talking the matter over with counsel, he still wished to plead guilty. Petitioner stated under oath that he had not consumed any drugs, alcohol or medication within 24 hours of his change of plea. Petitioner stated that he understood that he was entitled to a jury trial at which the Government would have to call witnesses; that his attorney could object to questions and call witnesses on Petitioner's behalf at a jury trial; and that the Government would have to prove the elements of the crime to which he was pleading guilty beyond a reasonable doubt. Petitioner stated under oath that he understood the sentence that could be imposed because of his guilty plea and that he understood that, by pleading guilty pursuant to the Plea Agreement, Petitioner was waiving his right to appeal and to collaterally attack his conviction and sentence. Petitioner stated that, with all of that in mind, Petitioner wished to plead guilty. Petitioner admitted under oath to the factual basis for his guilty plea, which satisfied all the legal requirements for a change of plea to the crimes of conviction. Petitioner's claim of ineffective assistance of counsel also fails because Petitioner does not contend that, had he understood the terms and consequences of the guilty plea, he would not have pleaded guilty and would have insisted on going to trial. As noted, Petitioner does not seek a jury trial by his Section 2255 motion; rather, Petitioner seeks a reduction in his sentence.

        3.    <u>Ground Four - Lack of Jurisdiction</u>.

1   Ground Four is a challenge by Petitioner to the manner, location or conditions of his sentence's execution.  In order to do so, Petitioner must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district court for the district in which Petitioner is confined.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (9th Cir.1998); *United States v. Giddings*, 740 F.2d 770, 771-772 (9th Cir.1984); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir.1980).  Because Petitioner is serving his sentence in Texas, Petitioner must bring his challenge in the appropriate United States District Court in Texas.

## CONCLUSION

For the reasons stated:

1. Petitioner Ulises Beccerril-Huato's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;

2. The Clerk of the Court is directed to **ENTER JUDGMENT FOR RESPONDENT AND AGAINST PETITIONER.**

IT IS SO ORDERED.

Dated:   February 3, 2009                   /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE